## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: C.S.

No. 17-0333 (Roane County 16-JA-18)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.S., by counsel Ryanne A. Ball, appeals the Circuit Court of Roane County's March 8, 2017, order terminating his parental rights to C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Leslie L. Maze, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him a post-adjudicatory improvement period and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, the DHHR filed an abuse and neglect petition against petitioner, which alleged abuse and neglect based on his chronic drug use and the resulting impairment of his parenting due to that drug use. The DHHR further alleged that petitioner had an extensive drug-related criminal history, including a pending charge of possession with intent to deliver methamphetamine, a charge of possession of heroin, and two charges of possession of a firearm by a prohibited person.

In January of 2017, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the impairment of his ability to parent due to his drug use. In February of 2017, the DHHR filed a motion to terminate petitioner's parental rights based on his continued drug use and lack of effort to comply with services since the onset of this case in May of 2016.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

Also in February of 2017, the circuit court held a dispositional hearing wherein petitioner moved for a post-adjudicatory improvement period. A caseworker testified that her efforts to contact petitioner failed and that she was unable to initiate parenting and adult life skills services for petitioner. The caseworker also testified that petitioner failed to contact the DHHR and only participated in two of the eight requested drug screens, both of which were positive for methamphetamines and amphetamines; and that petitioner did not visit with the child due to his positive drug screens. Petitioner admitted that he continued to abuse drugs during the proceedings, and even as recently as four days prior to the dispositional hearing. At the conclusion of the hearing, the circuit court found no evidence that petitioner would be likely to comply with the terms and conditions of an improvement period and denied petitioner's motion for a post-adjudicatory improvement period. The circuit court also found no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future given his continued drug abuse, non-compliance with services, and lack of contact with the child due to his continued drug abuse. Ultimately, the circuit court terminated his parental rights in its March 8, 2017, order.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

First, petitioner argues that he should have been granted a post-adjudicatory improvement period. To support his argument, petitioner asserts that he was open and honest about his struggle with drug addiction and wished to obtain treatment for his addiction. In order to obtain a post-adjudicatory improvement period, West Virginia Code § 49-4-610(2)(B) requires that the parent "demonstrate[ ], by clear and convincing evidence, that [the parent] is likely to fully participate in an improvement period . . . ." Further, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236

---

[2]In addition to petitioner's parental rights being terminated below, the mother's parental rights were also terminated. According to the DHHR and the guardian, the child is placed in a foster home with a permanency plan of adoption in that home.

W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of a post-adjudicatory improvement period because he failed to participate in services and failed multiple drug screens. According to the record on appeal, petitioner had an extensive drug-related criminal history, including a pending charge of possession with intent to deliver methamphetamine, charge of possession of heroin, and two charges of possession of a prohibited firearm. Additionally, the DHHR established that petitioner failed to make any effort to participate in services. Further, petitioner only participated in two of the eight requested drug screens during proceedings and admitted to using drugs throughout proceedings and as recently as four days before the dispositional hearing. Based on this evidence, petitioner failed to prove by clear and convincing evidence that he was likely to substantially comply with the terms and conditions of a post-adjudicatory improvement period and, therefore, the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

Next, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. Petitioner asserts that there was a reasonable likelihood that he could have corrected the conditions of abuse and neglect if given an improvement period and an opportunity to attend a drug treatment program. We disagree. As discussed above, petitioner did not meet the burden necessary to receive an improvement period. Further, West Virginia Code § 49-4-604(b)(6) directs circuit courts to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

Here, it is clear that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect in the near future. As discussed above, petitioner had an extensive drug-related criminal history and continued to use drugs throughout the abuse and neglect proceedings. Additionally, the record on appeal shows that petitioner failed to make an effort to participate in services, failed to participate in the majority of requested drug screens, tested positive for drugs when he did screen, and did not visit the child.

We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code

§ 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Here, the circuit court found that termination of parental rights was in the best interest of the child. For these reasons, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 8, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker